**GENERAL MOTORS CORPORATION, ARGONAUT DIVISION, and Union Sign & Lighting Company, Petitioners,**

v.

**David COOK, Judge of the District Court In and For Oklahoma County, State of Oklahoma, Respondent.**

No. 47891.

Supreme Court of Oklahoma.

Nov. 19, 1974.

Jopling, Blankenship & McKee by John R. McKee, Oklahoma City, for petitioners.

Ronald V. Collier, Asst. Municipal Counselor, Oklahoma City, for respondent.

LAVENDER, Justice.

The subject of this original action is the stay of judgment and not the correctness of that judgment. That issue is before this court in a separate appeal.

General Motors Corporation, Argonaut Division, and Union Sign & Lighting Company (Petitioners) lodged an appeal for trial de novo in the District Court of Oklahoma County against the Board of Adjustment of the City of Oklahoma City as allowed by law. August 21, 1974, the trial court by judgment granted petitioners a variance to an ordinance of the City of Oklahoma City and a permit to erect an oversized sign prohibited by that ordinance. The judgment was silent as to any stay. That judgment was appealed to this court September 18, 1974, and is now pending. Subsequent to the filing of that appeal in a hearing on October 23, 1974, the trial court stayed the judgment pending the outcome of that appeal. October 24, 1974, petitioners applied to this court to assume original jurisdiction and issue a writ prohibiting the stay of judgment. The trial judge, David Cook, is the named respondent; however, the real respondent in interest is the City of Oklahoma City, a municipal corporation.

Petitioners' application alleges after judgment granting the variance and before filing of appeal by the city and before the staying of judgment by the trial court, they commenced "completion and erection of the sign." If the judgment is stayed so as to now deny the petitioners the variance and sign permit, then petitioner will suffer loss through depreciation in value of the sign, cause unnecessary hardship on the sign's owners and the business at which the sign is to be located.

■ Petitioners argue (1) the trial court was without authority to stay having lost jurisdiction by the lodging of an appeal to this court; and (2) 12 O.S.1971 § 974 is not applicable under City of Del City v. The Honorable Carmon C. Harris, Okl., 508 P.2d 264 (1973).

Section 974, supra, provides:

"Execution of the judgment or final order of any judicial tribunal, other than those enumerated in this article, may be stayed on such terms as may be prescribed by the court or judge thereof, in which the proceedings in error are pending, *except that execution of a judgment or final order of any judicial tribunal against any county, municipality, or other political subdivision of the State of Oklahoma is automatically stayed without execution of supersedeas bond until appeal has finally been determined.*" (Emphasis added)

Is the portion of this section providing for an exception to political subdivisions limited only to money judgments? We hold not.

The political subdivision exception was included in an amendment to that section in 1967. That act, S.B. No. 435, 1967 Session Laws 277[1] amended three sections,

---

1. Complete text of Senate Bill 435, 1967 Session Laws 277 is:
*"An Act Relating to Civil Procedure; Amending 12 O.S.1961, §§ 968 and 974, And Amending 85 O.S.1961, § 29, As Amended By Section 1, Chapter 307, O.S.L.1963; Relating To Appeals To The Supreme Court; Exempting Municipalities From Necessity of Executing Supersedeas Bond; And Declaring an Emergency.*
Be it enacted by the People of the State of Oklahoma:
SECTION 1. 12 O.S.1961, § 968, is amended to read as follows:
§ 968. Undertaking to stay execution—Necessity—Form, amount and requisites—Delivery of documents to clerk in lieu of undertaking
No proceeding to reverse, vacate or modify any judgment of final order rendered in the county, superior or district court, except as provided in the next Section, Section 544, Oklahoma Statutes, 1931, and the fourth subdivision of this Section, and *except proceedings to reverse, vacate or modify any judgment or final order rendered in the county, superior or district court against any county, municipality or other political subdivision of the State of Oklahoma,* shall operate to stay execution, unless the clerk of the court in which the record of such judgment or final order shall be, shall take a written undertaking, to be executed on the part of the plaintiff in error, to the adverse party, with one or more sufficient sureties, as follows:
*First.* When the judgment or final order sought to be reversed directs *the payment of money,* the written undertaking shall be in double the amount of the judgment or order,

to the effect that the plaintiff in error will pay the condemnation money and costs, in case the judgment or final order shall be affirmed, in whole or in part. Provided, that where the written undertaking provided for in this subdivision is executed or guaranteed by a corporation incorporated under the laws of the United States or of any state authorized to do business in the State of Oklahoma and having power under the Statutes of this State to execute and guarantee bonds and undertakings in judicial proceedings, the amount of such undertaking shall be for the whole amount of the judgment or order including costs and interest on the appeal.

*Second.* When it *directs the execution of a conveyance* or other instrument, the undertaking shall be in such a sum as may be prescribed by the court, or the judge thereof, to the effect that the plaintiff in error will abide the judgment, if the same shall be affirmed, and pay the costs.

*Third.* When it *directs the sale or delivery of possession of real property*, the undertaking shall be in such sum as may be prescribed by the court or the judge thereof, to the effect that during the possession of such property by the plaintiff in error, he will not commit or suffer to be committed, any waste thereon, and if the judgment be affirmed, he will pay the value of the use and occupation of the property from the date of the undertaking until the delivery of the possession pursuant to the judgment, and all costs. When the judgment is for the sale of mortgaged premises and the payment of a deficiency arising from the sale, the undertaking must also provide for the payment of such deficiency.

*Fourth.* When it *directs the assignment or delivery of documents*, they may be placed in the custody of the clerk of the court in which the judgment was rendered, to abide the judgment of the appellate court, or the undertaking shall be in such sum as may be prescribed as aforesaid, to abide the judgment and pay costs, if the same shall be affirmed.

SECTION 2. 12 O.S.1961, § 974, is amended to read as follows:

§ 974. Stay of execution in other cases

Execution of the judgment or final order of any judicial tribunal, *other than those enumerated in this article*, may be stayed on such terms as may be prescribed by the court or judge thereof, in which the proceedings in error are pending, *except that execution of a judgment or final order of any judicial tribunal against any county, municipality, or other political subdivision of the State of Oklahoma is automatically stayed without execution of supersedeas bond until appeal has finally been determined.*

SECTION 3. 85 O.S.1961, § 29, as amended by Section 1, Chapter 307, O.S.L.1963, is amended to read as follows:

§ 29. Finality of award, order or decision—Action in Supreme Court for review—Undertaking—Summary proceeding—Parties—Duty of Attorney General—Practice—Order or decision—Costs

The award or decision of the Industrial Court shall be final and conclusive upon all questions within its jurisdiction between the parties, unless, within twenty (20) days after a copy of such award or decision has been sent by said Industrial Court to the parties affected, an action is commenced in the Supreme Court of the State, to review such award or decision. Any order, decision or award made by a Trial Judge shall be considered as final under the provisions of this Section unless appealed to the Industrial Court en banc as provided for in subparagraph 9 of Section 13384, Oklahoma Statutes 1931, as amended herein. The award or decision of a Trial Judge shall be final and conclusive upon all questions within his jurisdiction between the parties unless appealed direct to the Supreme Court or to the Industrial Court en banc as hereinbefore provided. Any party litigant desiring to appeal direct from such order to the Supreme Court, shall, within twenty (20) days after a copy of such award or decision has been sent by said Trial Judge to the parties affected, commence an action in the Supreme Court of the State to review such award or decision. Said Supreme Court shall have original jurisdiction of such action, and is authorized to prescribe rules for the commencement and trial of the same. Such action shall be commenced by filing with the Clerk of the Supreme Court a certified copy of the award or decision of the Industrial Court or Trial Judge attached to the petition by the complaint wherein the complainant or petitioner shall make his assignments or specifications as to wherein said award or decision is erroneous or illegal. Provided, however, no proceeding to reverse, vacate or modify any award or decision of the Industrial Court or Trial Judge wherein compensation has been awarded an injured employee shall be entertained by the Supreme Court unless the Secretary of the Industrial Court shall take a written undertaking to the claimant executed on the part of the respondent or insurance carrier, or both, with one (1) or more sureties to be approved by the Secretary, to the effect that the appellant will pay the amount of the award rendered therein, together with interest thereon at the rate of ten per cent (10%) per annum from the date of the award by the Trial Judge and all costs of the proceeding, or on the further order of the Industrial Court or Trial Judge after the appeal shall have been de-

12 O.S.1961, §§ 968 and 974, and 85 O.S. 1961, § 29. That Act related to appeals to the Supreme Court and provided a similar exemption for any county, municipality or other political subdivisions of the state as to the necessity for a supersedeas bond. Section 968 involves (1) money judgment; (2) judgment requiring execution of a conveyance; (3) judgment directing sale or possession of real property; and (4) judgment directing assignment or delivery of documents. Section 974 involved "other (judgments) than those enumerated * * *." (Explanation added) Section 29 relates to Industrial Court awards. If the exception was to relate only to money judgments, the amendment to § 968 would have accomplished that. Other judgments than those enumerated in § 968 must have been included by the amendment of § 974.

■■ Section 974, supra, allows execution of a judgment to be stayed in cases other than those found in § 968 on terms prescribed by the court in which the proceedings in error are pending, "except that execution of a judgment or final order of any judicial tribunal against any * * * municipality * * * is automatically stayed without execution of supersedeas bond until appeal has finally been determined." This section not only excuses the

supersedeas bond but provides for an automatic stay of judgment against any municipality. We cannot ignore the language "is automatically stayed." The existence of this phrase in § 974 cannot be denied. Statute should be construed, if possible, so as to render every word, phrase, and clause operative. Hamrick v. George, Okl., 378 P.2d 324 (1963). Where the language of a statute or ordinance is plain and unambiguous and its meaning clear and no occasion exists for the application of rules of construction, the statute will be accorded the meaning as expressed by the language therein employed. Seventeen Hundred Peoria, Inc. v. City of Tulsa, Okl., 422 P.2d 840 (1966).

■ We believe our holding is in harmony with City of Del City v. Harris, Okl., 508 P.2d 264 (1973). That syllabus by the court did not allow the automatic stay under § 974 as to a prohibitory injunction against a political subdivision of the state. By its nature the staying of a prohibitory injunction would destroy the status quo. This would create a fait accompli by the time a pending appeal could be determined—thus presenting issues which might be moot.

cided by the Supreme Court, *except that municipalities and other political subdivisions of the State of Oklahoma are exempt from making such written undertakings.* Before the clerk of the Supreme Court shall accept the action for filing, a certificate from the Secretary of the Industrial Court shall be required, showing this provision has been complied with. Said proceeding shall be heard in a summary manner and have precedence over all other civil cases in such court, except preferred Corporation appeals. The Industrial Court or Trial Judge shall be deemed a party to such proceeding and the Attorney General, without extra compensation, shall represent the Industrial Court or Trial Judge therein. The Supreme Court shall require the appealing party to file

within forty-five (45) days from the date of the filing of appeal or order appealed from a transcript of the record of the proceedings before the State Industrial Court, or upon application and for good cause shown, the Court may extend the time for filing said transcript of the record for a period of time not to exceed ninety (90) days from said date, and such action shall be subject to the law and practice applicable to other civil actions cognizable in said Supreme Court. Upon final determination of said action in which the award or decision of the Industrial Court or Trial Judge is sought to be reviewed, the Industrial Court shall make an order or decision in accordance with the judgment or decision of said Court. The Industrial Court or Trial Judge shall not be liable for any costs apart from said proceeding, but otherwise the costs shall be taxed as in other cases." (Emphasis added)

Black's Law Dictionary, Fourth Edition, p. 1581, says of "Status Quo":

"Last actual, peaceable, noncontested condition which preceded pending controversy." State ex rel. Pay Less Drug Stores v. Sutton, 2 Wash.2d 523, 98 P.2d 680; State on Inf. of McKittrick v. American Ins. Co., 351 Mo. 392, 173 S. W.2d 51, 52.

In the case at bar, the last noncontested condition which preceded pending controversy or the status quo would be the prohibition of the oversized sign by city ordinance. To allow the erection of the sign pending appeal creates a fait accompli by the time the appeal could be determined— thus presenting issue which might be moot. It would destroy the status quo pending appeal. Allowing the erection of the sign pending appeal would ignore the automatic stay provision of § 974. The object of a stay is to retain the status quo pending the determination of an appeal.

Petitioners agree their actions in continuing with the sign and its erection after the district court judgment was at their own peril. If they now find themselves in a position of suffering damage by a stay, it is because of their own acts. The municipality did not act to place them in such a position other than to appeal. This the city had every right to do. The stay was automatic as allowed by statute.

▆ Under the holding in this opinion, the issue as to the authority of the trial judge to order a stay after lodging of an appeal to this court is moot and immaterial. No action by any court was necessary to stay the judgment. With the filing of the appeal, the judgment was stayed pending that determination.

Writ of prohibition denied.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.