TEACHERS — LEAVES OF ABSENCE — MILITARY DUTY 1. The thirty (30) day leave of absence authorized by 70 O.S. 6-105 [70-6-105](D) (1971), means thirty (30) working days and not thirty (30) calendar days Non-working days are not considered part of the thirty (30) days authorized. 2. Title 70 O.S. 6-105 [70-6-105](D) (1971), applies specifically to teachers, and allows them thirty (30) working days leave of absence; 44 O.S. 209 [44-209] (1975) and 72 O.S. 48 [72-48] (1975), do not apply to teachers and thereby limit them to twenty (20) days leave of absence. 3. A teacher with a continuing contract who has been ordered to active military or militia duty or service to begin before commencement of the contractual school duties is, pursuant to the provisions of 70 O.S. 6-105 [70-6-105](D) (1971), entitled to a leave of absence from such school employment without loss of pay for the first thirty (30) working days of such absence from school employment, the thirty (30) day period to begin running the first working day of school employment occurring after the commencement of such active military or militia duty. The Attorney General has considered your request for an opinion where you ask, in effect, the following questions: 1. Does 70 O.S. 6-105 [70-6-105](D) (1971), refer to "calendar" or "working" days? 2. Do 44 O.S. 209 [44-209] (1975), and 72 O.S. 48 [72-48] (1975), as well as 70 O.S. 6-105 [70-6-105](D) (1971), apply to teachers, and thereby allow teachers only twenty (20) days leave of absence without loss of pay? 3. Is a teacher with a continuing contract who has been ordered to begin active military or militia duty or service prior to the commencement of the first working day of the school year entitled to leave of absence without loss of pay as provided by 70 O.S. 6-105 [70-6-105](D) (1971); and if so, when does the allowed period begin to run? Title 70 O.S. 6-105 [70-6-105](D) (1971), provides as follows: "Teachers who are members, either officers or enlisted men, of the Reserve Corps of the Army, the Navy, the Marine Corps, the Coast Guard, the Women's Auxiliary Corps, or any other component of the Armed Forces of the United States, including members of the National Guard, shall, when ordered by the proper authority to active duty or service, be entitled to a leave of absence from such civil employment for the period of such active service without loss of status or efficiency rating and without loss of pay during the first thirty (30) days of such leave of absence." Before being amended by Senate Bill 291, Oklahoma Session Laws 1973, Chapter 275, page 425, 44 O.S. 209 [44-209] (1971), and 72 O.S. 48 [72-48] (1971), by language identical to that in 70 O.S. 6-105 [70-6-105](D) (1971), provided leaves of absence of thirty (30) days for certain military service by officers and employees of the state and subdivisions thereof, and of municipalities therein. The amendment of said statutes changed the language of each from "thirty (30) days of such leave of absence" to "twenty (20) calendar days of such leave of absence during any calendar year". Attorney General Opinion No. 73-297, 6 Okl.Op.A.G. 282, construed 44 O.S. 209 [44-209] (1973), and held that the "twenty (20) calendar days" leave of absence authorized thereby referred to normal working days which the active duty was being performed, stating: ". . . Active duty performed on normal non-working days for the individual involved is not considered part of the twenty calendar days authorized . . . ." (p. 284) The Opinion stated at page 283 as follows: ". . . 44 O.S. 209 [44-209] has consistently contained the language leave of absence 'from such civil employment.' This indicates that only active duty performed on a normal working day for the individual involved counts toward the statutory twenty days. It is not necessary to grant a leave of absence for active duty performed on a normal, non-working day because the employee is not in fact being granted any unusual or extra time off from work." Accordingly, to the extent Attorney General's Opinion No. 71-396, 4 Okl.Op.A.G. 431, is inconsistent with Attorney General's Opinion No. 73-297, supra, the former was superseded by the latter. The language of Paragraph D of 70 O.S. 6-105 [70-6-105] of the Oklahoma Statutes has remained unchanged since its enactment by House Bill No. 964 of the Twenty-fifth Legislature, which amended the Oklahoma School Code. The leave of absence granted thereby was "from such civil employment." Although said section differs from 44 O.S. 209 [44-209] (1973), in that the former states "thirty (30) days" while the latter states "twenty (20) calendar days", based upon the aforesaid Attorney General's Opinion No. 73-297, the word "calendar" is not determinative of whether such language refers to "calendar" or "working" days. Accordingly, the material language of 70 O.S. 6-105 [70-6-105](D) (1971), being identical to that language of 44 O.S. 209 [44-209] (1973), the former is construed to refer to "working" days; i.e. active duty performed on normal non-working days for the individual involved is not considered part of the thirty (30) calendar days authorized. Title 44 O.S. 209 [44-209] (1975), and 72 O.S. 48 [72-48] (1975), provide that upon order by proper authority to active duty or service with the National Guard or with any of the components of the Armed Forces of the United States, respectfully, all officers and employees of the state, or a subdivision thereof, or the municipality thereof, who are members, either officers or enlisted men, of the respective services, shall "be entitled to a leave of absence from such civil employment for the period of such active service, without loss of status or efficiency rating, and without loss of pay during the first twenty (20) calendar days of such leave of absence during any calendar year." The said sections respectfully state as follows: "44 O.S. 209 [44-209]. All officers and employees of the state, or a subdivision thereof, or a municipality therein, who are members of the National Guard, shall, when ordered by proper authority to active service, be entitled to a leave of absence from such civil employment for the period of such active service, without loss of status or efficiency rating, and without loss of pay during the first twenty (20) calendar days of such leave of absence during any calendar year." 72 O.S. 48 [72-48]. All officers and employees of the state, or a subdivision thereof, or a municipality therein, who are members, either officers or enlisted men of the Reserve Corps of the Army, the Navy, the Marine Corps, the Coast Guard, the Women's Auxiliary Corps, or any other component of the Armed Forces of the United States, shall, when ordered by the proper authority to active duty or service, be entitled to a leave of absence from such civil employment for the period of such active service without loss of status or efficiency rating and without loss of pay during the first twenty (20) calendar days of such leave of absence during any calendar year." Title 70 O.S. 6-105 [70-6-105] (1971), provides that "when ordered by the proper authority to active duty or service" in any component of the Armed Forces of the United States, including the National Guard, teachers shall "be entitled to a leave of absence from such civil employment for the period of such active service without loss of status or efficiency rating and without loss of pay during the first thirty (30) days of such leave of absence". The only material distinction between 44 O.S. 209 [44-209] (1975), 72 O.S. 48 [72-48] (1975), and 70 O.S. 6-105 [70-6-105](D) (1971) is that the first two statutes apply to "officers and employees of the state, or a subdivision thereof, or a municipality therein" and allow "twenty (20) calendar days" of such leaves of absence, while the latter statute applies to teachers in the public schools of a state and allows "thirty (30) days" of such leave (not designating whether such shall be calendar days or working days). The words of the respective statutes are plain and unambiguous. Accordingly no occasion exists for the application of rules of construction, and each respective statute must be accorded the meaning as expressed by the language therein employed. General Motors Corp., Argonaut Division v. Cook, Okl., 528 P.2d 1110, 1114 (1974); City of Bethany v. Hill, Okl., 509 P.2d 1364 (1973). The application of each said statutes is plain, clear, and unambiguous. Title 44 O.S. 209 [44-209] (1975), and 72 O.S. 48 [72-48] (1975), and 70 O.S. 6-105 [70-6-105](D) (1971), respectfully, apply to different classes of persons. The enactment of 70 O.S. 6-105 [70-6-105](D) (1971), comprises a clear expression of legislative intent to treat teachers separately from officers and employees of the state. Such clear meaning of the language of 70 O.S. 6-105 [70-6-105](D) (1971), overcomes any assertion that an ambiguity exists as to the parties to which these statutes apply which would give rise to and justify the use of interpretative devices to bring teachers within the purview of the two statutes allowing twenty (20) days leave of absence. Therefore, 44 O.S. 209 [44-209] (1975), and 72 O.S. 48 [72-48] (1975), are not applicable to teachers. Only 70 O.S. 6-105 [70-6-105](D) (1971), is applicable to teachers, and by the provision thereof teachers are allowed thirty (30) days of such leave of absence. Pursuant to the provisions of 70 O.S. 6-105 [70-6-105](D) (1971), when teachers are ordered by the proper authority to active duty or service, they "shall . . . be entitled to a leave of absence from such civil employment for the period of such active service. . .during the first thirty (30) days of such leave of absence." In your request reference is made to Attorney General Opinion No. 66-156 which reasoned that a teacher's employment commences only when performance of the contractual duties are begun, and, thereby, held that commencement of said duties was a necessary prerequisite to qualify for the leave of absence provided by said statute. Although no duties may be expected or required of a teacher in excess of one hundred ninety (190) days (70 O.S. 6-106 [70-6-106] (1971)), a contract with a school district is a continuing contract and is binding on a teacher until legally discharged from the teaching position. Until being discharged or released, a teacher, under penalty of having his or her certificate suspended, is prohibited from entering into a contract with any other board of education in Oklahoma (70 O.S. 6-101 [70-6-101](D) (E) (1971)). Accordingly, although a teacher's duties are limited to less than a full fiscal year, until discharged or released, employment is continuous throughout the fiscal year. The leave of absence authorized by such statutes have been held by the Attorney General to be from the normal working days for the individual involved (Attorney General Opinion No. 73-297, supra), and to be exclusive of any vacation time allowed such individual (Attorney General Opinion No. 71-396, supra). Therefore, the said two statutes authorizing military leaves of absence for state officers and employees containing practically identical language as the companion statute relating to teachers, it would follow that such leave of absence allowed a teacher would be exclusive of the time outside the period that contractual duties are to be performed. Further, by a plain reading of 70 O.S. 6-105 [70-6-105](D) (1971), the period during which the teacher is to continue to receive pay is the first thirty (30) days of such absence from civil employment, and not the first thirty (30) days of active service. Accordingly, the said thirty (30) day period begins to run on the first working day of the school year that comes after the active military duty of the teacher begins. Therefore, a teacher who has been ordered to begin active military or militia duty or service prior to the commencement of the first working day of the school year is entitled to a leave of absence without loss of pay during the first thirty (30) working days of such leave of absence, with the said thirty (30) days leave of absence to begin running on the first school working day coming after such active duty begins. Such construction of 70 O.S. 6-105 [70-6-105] (1971), is in conformance with 70 O.S. 1-103 [70-1-103] (1971), which provides for a liberal construction of those parts of the School Code which are subject to more than one interpretation. To the extent that this opinion is inconsistent with Attorney General Opinion No. 66-156, the latter is hereby overruled. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: 1. The thirty (30) day leave of absence authorized by 70 O.S. 6-105 [70-6-105](D) (1971), means thirty (30) working days and not thirty (30) calendar days. Non-working days are not considered part of the thirty (30) days authorized. 2. Title 70 O.S. 6-105 [70-6-105](D) (1971), applies specifically to teachers, and allows them thirty (30) working days leave of absence; 44 O.S. 209 [44-209] (1975) and 72 O.S. 48 [72-48] (1975), do not apply to teachers and thereby limit them to twenty (20) days leave of absence. 3. A teacher with a continuing contract who has been ordered to active military or militia duty or service to begin before commencement of the contractual school duties is, pursuant to the provisions of 70 O.S. 1971, 6-105(D) [70-6-105], entitled to a leave of absence from such school employment without loss of pay for the first thirty (30) working days of such absence from school employment, the thirty (30) day period to begin running the first working day of school employment occurring after the commencement of such active military or militia duty. (HAROLD B. McMILLAN, JR.) (ksg)