PUBLIC HEALTH AND SAFETY Pursuant to 63 O.S. 1-206.1 [63-1-206.1] (1971), a county, district, cooperative, or city-county health department may not charge patients for professional services rendered by a dentist, but may, with the approval of the Commissioner of Health, collect fees for services rendered by the professional dental staff. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: "May a county, district, cooperative or city-county health department charge patients for professional services rendered by a dentist or his professional staff?" It is necessary to deal with your question in two steps, as the Legislature has made different provisions for non-physician, as opposed to physician, services. Such local health departments as those referred to in your question are created by statute, 63 O.S. 1-205 [63-1-205] (1977), and the functions of said departments are enumerated at 63 O.S. 1-206 [63-1-206] (1971). The authorization for collection of fees is found at 63 O.S. 1-206.1 [63-1-206.1] (1971): "County, district, cooperative and city-county health departments may, with the approval of the Commissioner of Health, collect fees for non-physician services such as nursing, physical therapy, occupational therapy, dietetic, social work and home health aid given to patients in their homes, provided such services are ordered in writing by the patient's attending physician, and for mental health and guidance services and for such sanitation services as shall be authorized by the State Board of Health. Such fees shall be collected from persons financially able to pay for such services, and from insurers, governmental agencies or other persons obligated to reimburse for such services, and shall be collected in accordance with the schedule of fees approved by the Commissioner of Health." This statute contains the only authorization for collection of fees, and a plain reading thereof reveals that fees are authorized only for "non-physician services". For purposes of answering your question, a dentist is herein considered as one who renders physician-type services. There is no legislative authorization for charging fees for services performed by physicians within the statutory framework authorizing local health services. Without legislative authorization, boards created by statute lack power to make rules which extend their powers beyond those granted by the statute, Boydston v. State, Okl., 277 P.2d 138 (1955). The second issue, whether fees may be charged for services rendered by professional staff, is clearly answered by the statute itself, and does not require extensive examination. Local health departments are permitted, with the approval of the Commissioner of Health, to charge fees for non-physician services by the clear and unambiguous terms of the statute, and where the statute is plain and unambiguous on its face, it must be given effect according to its plain and obvious meaning, General Motors Corp. v. Cook, Okl.,528 P.2d 1110 (1974). It is, therefore, the opinion of the Attorney General that your question be answered in the following manner: Pursuant to 63 O.S. 1-206.1 [63-1-206.1] (1971), a county, district, cooperative, or city-county health department may not charge patients for professional services rendered by a dentist, but may, with the approval of the Commissioner of Health, collect fees for services rendered by the professional dental staff. (AMALIJA J. HODGINS)