DEFINITIONS AND GENERAL PROVISIONS
The Open Meeting Act, 25 O.S. 301 [25-301] et seq. (1977) does apply to the Board of Governors of Registered Dentists when the Board conducts a disciplinary hearing concerning a licensee. The Attorney General has considered your request for an opinion wherein you ask the following two (2) questions: "(1). When this Board conducts disciplinary hearings, does it also act in a quasi-judicial manner such that the person complained against would be entitled to have the hearing conducted in private? "(2). Under the provision of the State Dental Act providing for possible disciplinary action in the form of a private reprimand, does such respondent have the right to demand the Board hearing be held in private?" Your questions necessarily involve the applicability of 25 O.S. 301 [25-301] et seq. (1977). (Oklahoma Open Meeting Act) to the Board of Governors of Registered Dentists when the Board is conducting a disciplinary hearing. 25 O.S. 303 [25-303] dictates that: "All meetings of public bodies, . . . shall be held at specified times and places . . . and shall be open to the public, except as hereinafter specifically provided." A public body is defined at 25 O.S. 304-1 [25-304-1] (1977) and includes: ". . . all boards . . . in the State of Oklahoma supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public property, and shall include all committees or subcommittees of any public body." The Board of Governors of Registered Dentists would necessarily fall in this category by reason of legislative authorization in the State Dental Act (59 O.S. 328.1 [59-328.1] et seq. (1971)) to establish or set within limits, all fees to be collected pursuant to the Act, including examination, licensing, and permit fees. 59 O.S. 328.42 [59-328.42] authorizes the issuance of warrants by the State Auditor, to be paid out of such fees, after the filing of proper vouchers or claims by the Board. This Board is thus supported by, and entrusted with the expenditure of, public funds and is therefore a public board within the purview of 25 O.S. 304-1 [25-304-1] (1977). It is to be noted that 25 O.S. 303 [25-303] is mandatory in nature, and dictates that all meetings of a public body shall be open to the public, unless a certain meeting falls within a specifically enumerated exception. Such exceptions, known as executive sessions, are delineated at 25 O.S. 307 [25-307] (1977), and include only one which is applicable to this Board: "No public body shall hold executive sessions unless otherwise specifically provided for herein. "Executive sessions of public bodies will be permitted only for the purpose of discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any individual salaried public officer or employee; . . ." (Emphasis supplied) The above-quoted statute delineates, in clear and unambiguous language, the exclusive statutory situation under which this Board may enter executive session; it is to be noted that there is no provision for executive session merely because the proceedings are of a quasi-judicial nature. It remains only to be said that where a statute is plain and unambiguous on its face, it must be given effect according to its plain and obvious meaning, General Motors Corporation v. Cook, 528 P.2d 1110 (Okl. 1974). Your second question requires no further discussion: regardless of the type of sanction (or lack thereof) eventually determined proper by the Board, the hearing itself is subject to the Oklahoma Open Meeting Act. It is, therefore, the opinion of the Attorney General that both your questions be answered in the negative. The Open Meeting Act, 25 O.S. 301 [25-301] et seq. (1977) does apply to the Board of Governors of Registered Dentists when the Board conducts a disciplinary hearing concerning a licensee. (H. LEE SCHMIDT)