INSURANCE
Pursuant to 36 O.S. 1653 [36-1653](b) (1971), it is mandatory that each acquiring party file with the Commissioner of Insurance a statement which contains the fully audited financial information as to the earnings and financial condition of the acquiring party. The only exceptions contemplated by the statute are those instances where the acquiring party is an insurer actively engaged in the business of insurance, in which case the financial statement need not be audited, but is still required. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following two questions: 1. Does the Oklahoma Insurance Holding Company Act, and specifically, 36 O.S. 1653 [36-1653](b)(3), require audited reports of the financial condition of the acquiring party or parties as part of the acquisition filing? 2. If so, is the requirement mandatory? Title 36 O.S. 1653 [36-1653](b)(3) (1971) provides in part as follows: "(b) Content of Statement. The statement to be filed with the Commissioner hereunder shall be made under oath or affirmation and shall contain the following information: * * * (3) Fully audited financial information as to the earnings and financial condition of each acquiring party for the preceding three (3) fiscal years of each such acquiring party . . . and similar unaudited information as of a date not earlier than ninety (90) days prior to the filing of the statement provided, however, in the case of an acquiring party which is an insurer actively engaged in the business of insurance, the financial statement of such insurer need not be audited; except such audit may be required if the need therefore is determined by the Commissioner." (Emphasis added) A plain and literal reading of the above reveals no ambiguity; the legislative intent appears clear. A primary rule of statutory construction is that where the language of a statute or ordinance is plain and unambiguous and its meaning clear, no occasion exists for the operation of tools of construction, and the statute will be accorded the meaning as expressed by language employed therein, General Motors Corporation, Argonaut Division v. Cook, 528 P.2d 1110, (Okl. 1974). Finding that the intent of the legislature is plainly expressed in the above statute, there is no room for statutory construction, Johnson v. Ward, 541 P.2d 182
(Okl. 1975) The above-cited statute also appears dispositive of your second question, whether or not the requirement for audited reports of the financial condition of the acquiring party is mandatory. In construction of a statute, the word "shall" is usually given its common meaning of "must" and interpreted as implying a command or mandate depending on the construction of the statute as a whole and intention of the legislature, Barnes v. Transok Pipeline Company, 549 P.2d 819 (Okl. 1976). Where performance of the statutory requirement is thus made mandatory, there can be no substantial compliance except in accordance with the particular provisions thereof, Barnes, supra. It is, therefore, the opinion of the Attorney General that both of your questions be answered in the affirmative. Pursuant to 36 O.S. 1653 [36-1653](b) (1971), it is mandatory that each acquiring party file with the Commissioner of Insurance a statement which contains the fully audited financial information as to the earnings and financial condition of the acquiring party. The only exceptions contemplated by the statute are those instances where the acquiring party is an insurer actively engaged in the business of insurance, in which case the financial statement need not be audited, but is still required. (H. LEE SCHMIDT) (ksg)