PUBLIC HEALTH AND SAFETY When the OSDH investigates a pollution complaint, and determines that pollution has occurred and that a party is responsible, an order of the Commissioner pursuant to 63 O.S. 1-908 [63-1-908](d) (1971), is an individual proceeding under 75 O.S. 301 [75-301](7) (1978), and a public hearing is required pursuant to 75 O.S. 309 [75-309] (1971). Further, 63 O.S. 1-908 [63-1-908] (1971) provides the Oklahoma State Department of Health with jurisdiction over any person found to be in violation thereof, and a license or permit issued by the OSDH is not a prerequisite to said jurisdiction. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: "1. Where the Oklahoma State Department of Health (OSDH) investigates, pursuant to Title 63 O.S. 1-908 [63-1-908](c) (1971), and determines that pollution has occurred and that a party is responsible, is an order of the Commissioner, under 63 O.S. 1-908 [63-1-908](d), requiring that party to abate such pollution an 'individual proceeding' under Title 75 O.S. 301 [75-301](7) (1971)? "(a) If your answer is in the affirmative and a hearing is required, does Title 63 O.S. 1-908 [63-1-908] provide the OSDH with the requisite jurisdiction over a party who is not a licensee under an OSDH license or permit? "(b) If your answer is in the negative and a hearing is not required, would 63 O.S. 1-908 [63-1-908] (d), which allows 30 days to appeal such an order to the District Court, provide the opportunity for review of agency decisions as contemplated by the Oklahoma Administrative Procedures Act?" Your introductory question necessitates a definition of the term "individual proceeding" as set forth at 75 O.S. 301 [75-301] (7) (1978): "Individual proceeding means the process employed by an agency for the formulation of an order." "Order" is defined at 76 O.S. 301 [76-301](6) (1978): "Order means all or part of the final or intermediate decision, whether affirmative, negative, injunctive or declaratory in form, by an agency in any matter other than rule making or rulings on motions or objections made during the course of a hearing, or exclusions described in clauses (C) and (D) of paragraph 2 of this section;" (Emphasis added) A plain reading of the above would appear to be determinative of the question of whether or not an order of the Commissioner, pursuant to 63 O.S. 1-908 [63-1-908](d) (1971), requiring that a party abate pollution he is found to be responsible for, is an "individual proceeding" under 75 O.S. 301 [75-301](7) (1978). A plain reading reveals that an order, as contemplated by the Oklahoma Administrative Procedures Act (75 O.S. 301 [75-301], et seq. (1971), as amended), is all or part of an agency decision, whether affirmative, negative, injunctive or declaratory, in any matter other than rule making (exceptions irrelevant herein follow). When the Commissioner finds that the waters of the State have been polluted, and is issuing an order to the person considered responsible requiring cessation, treatment, or disposal of the polluting material, it is clearly an agency decision, and is thus an individual proceeding. The language used in the above-cited statute is clear and unambiguous, and since its meaning may be ascertained thereby, no room for further construction exists, General Motors Corp. Argonaut Division v. Cook, 528 P.2d 1110 (Okl. 1974) . As the answer to your introductory inquiry is in the affirmative, your second question becomes whether or not the offending party must be a licensee or a permittee under the OSDH as a prerequisite to application and enforcement of 63 O.S. 1-908 [63-1-908] (1971). The section of the statute in question reads as follows: "63 O.S. 1-908 [63-1-908]. Sewer Systems — Solid Waste Fills — Waste Treatment Plants — Permits — Investigations — Industrial Waste. ". . . " (c) Whenever complaints shall be made to the Commissioner by the Mayor of any city, or the President of the Board of Trustees of any incorporated town, or by the local health officer, of the pollution or the polluted condition of any waters of the state, . . . the Commissioners shall make an investigation covering the pollution or the polluted condition . . .; and whenever the Commissioner shall have reason to believe that any waters of the State are being polluted in a manner prejudicial to the health of any of the inhabitants of the State, he shall make an investigation covering such pollution or polluted condition. It shall be the duty of any person concerned in such pollution to furnish, on demand, to the Commissioner information relative to the amount and character of the polluting material discharged into the waters by such person. "(d) If the Commissioner shall find that any of the waters of the State have been, or are being, polluted in a manner prejudicial to the health of any of the inhabitants of the State, he may make an order requiring such pollution to cease within a reasonable time, or requiring such manner of treatment or of disposition of the sewage or other polluting material as may in his judgment be necessary to prevent the further pollution of such waters. It shall be the duty of the person to whom such order is directed to fully comply with the order of the Commissioner." (Emphasis added) A thorough reading of the above-cited language reveals that permits under this section are to be obtained prior to the construction, or letting of a contract for construction, of any nature for a sanitary sewer system or solid waste fill or a sewage or waste treatment plant or any extension thereof, or prior to the discharge of sewage into the waters of the State. Subsections (c) and (d) do not deal with permitting to construct or discharge, rather they deal with the investigation and issuance of an order relating to pollution of waters in a manner prejudicial to the health of the inhabitants of the State. The language emphasized is relevant because nowhere does it restrict the effect of the Commissioner's order to a permittee or licensee. It is to be noted that orders of the Commissioner are punishable by both criminal and civil sanctions pursuant to 63 O.S. 1-1701 [63-1-1701] et seq. (1971). A plain reading of the statutes reveals that the Commissioner has the authority to direct any person concerned with such pollution to furnish information, and that the Commissioner may make an order requiring that the pollution be ceased, treated or disposed of. This order is directed to the person responsible for the pollution, and is not limited by statute to a licensee or permittee. Thus, when we have such clear and unambiguous language, we need not resort to further rules of statutory construction, since no room for further construction exists, General Motors Corp. Argonaut Division, supra. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: When the OSDH investigates a pollution complaint, and determines that pollution has occurred and that a party is responsible, an order of the Commissioner pursuant to 63 O.S. 1-908 [63-1-908](d) (1971), is an individual proceeding under 75 O.S. 301 [75-301](7) (1978), and a public hearing is required pursuant to 75 O.S. 309 [75-309] (1971). Further, 63 O.S. 1-908 [63-1-908] (1971) provides the Oklahoma State Department of Health with jurisdiction over any person found to be in violation thereof, and a license or permit issued by the OSDH is not a prerequisite to said jurisdiction. (H. LEE SCHMIDT) (ksg)