Dear Representatives Davis
¶ 0 The Attorney General has received your request for an official opinion asking:
Is a corporation which is incorporated in this state and sellsa product manufactured in another state eligible for the 5%preference provided for in 74 O.S. 85.32 of the Oklahomastatutes.
¶ 1 Since 1977, Oklahoma has included within its statutory framework governing public purchasing some form of preferential treatment for vendors providing Oklahoma materials, supplies and provisions. Our current statute, 74 O.S. 85.32 (1981), provides:
 A. The state and any school district, county or municipality and every person acting as purchasing agent for the state or any school district, county, municipality or tax exempt industrial trust shall prefer, in all purchases, supplies, materials and provisions produced, manufactured or grown in this state; provided, that such preference shall not be for Articles of inferior quality to those offered from outside the state, but a differential of not to exceed five percent (5%) may be allowed in the cost of Oklahoma materials, supplies and provisions of equal quality. Further provided, that this act shall not be construed as repealing 74 O.S. 85.17 of the Oklahoma Statutes in those instances where the state of domicile of the bidder or any subdivision thereof allows a differential on Articles produced, manufactured or grown in such state in excess of five percent (5%).
 B. For purposes of this section, an Article shall be deemed to be produced, manufactured or grown within this state if it is substantially produced, manufactured or grown by any person, partnership, company, association or corporation;
 1. Authorized to do and doing business under the laws of this state;
2. Paying all taxes duly assessed; and
 3. Being domiciled within this state by having the location of production or manufacturing within this state.
¶ 2 Title 74 O.S. 85.17 (1987) to which the above-quoted section refers, states as follows:
 The Purchasing Division of the Office of Public Affairs when accepting bids from bidders domiciled outside the boundaries of this state shall require a successful bidder from another state to submit a bid less than the bid of a responsible bidder of this state by a percentage equal to that required by said other state from a bidder from this state.
¶ 3 Subsection B of 74 O.S. 85.32 clearly states that Articles are deemed produced, manufactured or grown in this state if they are substantially produced, manufactured or grown by any person, partnership, company, association or corporation: (1) authorized to do business under Oklahoma law; (2) paying all duly assessed taxes; and (3) domiciled within this State by having the location of its production or manufacturing of products within this State. These requirements are statutorily expressed in the conjunctive, therefore, all three requirements must be met in order for an Article to be considered manufactured, produced or grown in this State.
¶ 4 The corporation you describe in your question is authorized to do business under the laws of this State. However, the second feature of your question indicates that the corporation is selling a product manufactured in another state. This latter feature would take the corporation outside the three statutory requirements and thereby outside the preference. Each of the requirements enumerated by section 85.32(B) must be met in order for a product to be deemed produced, manufactured or grown in this State.
¶ 5 Where the language of a statute is plain and unambiguous and its meaning is clear, the statute will be accorded meaning as expressed by the language employed by the statute. GeneralMotors Corp., Argonaut Division v. Cook, 528 P.2d 1110 (Okla. 1974); Cavett v. Geary Bd. of Educ., 587 P.2d 991 (Okla. 1978);Gilbert Cent. Corp. v. State, 716 P.2d 654 (Okla. 1986).
¶ 6 It is, therefore, the official opinion of the AttorneyGeneral that under a plain reading of 74 O.S. 85.32 (1981),if a corporation incorporated in this State sells a productmanufactured in another state, it will not meet the threerequirements expressed in 74 O.S. 85.32(B), qualifying it asa corporation offering a product which is deemed manufactured,produced or grown in this State and thereby qualifying it as acorporation entitled to statutory preference under 74 O.S.85.32(B) (1981).
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
JANIE SIMMS HIPP ASSISTANT ATTORNEY GENERAL